## JOSHUA G. JONES *v.* WASHINGTON JENKINS.

After a plea in compensation and a reconventional demand, a third person, claiming to be an assignee of the draft sued on, cannot cause himself to be substituted for the original plaintiff; nor can the latter be dismissed from the cause, against the will of the defendant. But the assignee had a right to intervene in the action, for the protection of his rights.

APPEAL from the District Court of Caddo, *Campbell,* J.

BULLARD, J. In April, 1840, Joshua G. Jones brought his action against Washington Jenkins, as endorser of a protested draft, of which he alleges himself to be the holder, and he asked for judgment for the amount, to-wit, $2476 27.

At the December term of the same year, the defendant put in his answer, denying his indebtedness as endorser, but setting up in reconvention, a judgment which he alleged had been recovered against the plaintiff by Hillyer, Bush & Co., of New York, for a larger amount, which judgment he asserts to be his property; and, if the court should be of opinion that he is liable as endorser on the draft sued on, then he pleads the judgment in compensation, for that amount, and asks for judgment in reconvention against the plaintiff for the balance.

At the June term, 1841, a power of attorney was exhibited to the court, given on the 3d of February, 1841, by John Eubanks to Morse & Roysdon, the plaintiff's attorneys, authorizing them to collect the protested draft on his account. Thereupon Eubanks, alleging that the protested draft had been transferred to him *pendente lite,* moved the court to substitute him as plaintiff in the case, in the place of Jones, the original plaintiff. On this

Jones v. Jenkins.

motion, which we regard as quite irregular in practice, espe-
cially after a plea in compensation and a reconventional demand
have been filed, a trial took place as it has been called, which
resulted in allowing the motion. Eubanks was admitted as sole
plaintiff, and Jones entirely dismissed from the cause. To this
proceeding a formal bill of exceptions was taken, setting forth
the ground that Eubanks could only make himself a party by in-
tervention, and not by substituting himself altogether as plain-
tiff, without regard to the defendant's plea in compensation and
his reconventional demand. We repeat that, in our opinion,
the court erred in these proceedings.

After the substitution of Eubanks as plaintiff, the defendant
filed an additional plea in the shape of an amended answer, in
which he avers that Jones was insolvent at the time of his pre-
tended transfer to Eubanks. That said transfer was made
fraudulently and collusively, and that, in truth, Jones is now the
owner of the draft. Upon a trial between the new plaintiff
and the defendant, there was a verdict and judgment against
the latter, and he appealed.

We cannot, without sanctioning the greatest irregularity,
which might end in great injustice, examine this decision
upon the merits, according to the evidence adduced on the trial.
The defendant is entitled, in our opinion, to have his original
adversary reinstated in the cause, saving to Eubanks his right
to intervene for the protection of his alleged rights.

It is, therefore, ordered and decreed, that the judgment of the
District Court be reversed and annulled; that the motion to
substitute Eubanks as plaintiff in the cause, in lieu of Jones,
be overruled, and the said Jones reinstated as plaintiff, without
prejudice to the right of Eubanks to intervene, if he sees fit, ac-
cording to law; and that the case be remanded for further pro-
ceedings; the appellee paying the costs of this appeal.

*Morse* and *Roysdon*, for the plaintiff.

*J. Taylor* and *Frost*, for the appellant.